NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB #965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:23-mj-00203 |
| v. | GOVERNMENT'S MOTION FOR PRETRIAL DETENTION |
| NASIR OVERTON, | |
| Defendant. | |

The United States of America, through Natalie K. Wight, United States Attorney for the District of Oregon, and Scott M. Kerin, Assistant United States Attorney, hereby asks the Court to detain the defendant pending arraignment and trial.

One pill can kill – one pill did kill. The defendant sold two counterfeit M30 pills manufactured with fentanyl to two 15-year old girls – each of the girls used a pill and one of them died. As a fentanyl dealer, the defendant is both a danger to the community and a risk of non-appearance at future court proceedings. He should be detained pending arraignment and trial.

**Government's Motion for Pretrial Detention**                                                                 **Page 1**

A.     **Factual and Procedural Summary.**

Defendant is currently charged in a Criminal Complaint with Distribution and Possession with the Intent to Distribute a Controlled Substance (fentanyl), resulting in serious bodily injury and death and engaging in a Conspiracy to Distribute and Possess with the Intent to Distribute a Controlled Substance (fentanyl), resulting in serious bodily injury and death, all in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C), and 846.  The maximum potential sentence the defendant faces is a life term of imprisonment and a mandatory minimum sentence of 20 years' imprisonment.

This investigation started on September 20, 2023, when members of the High Intensity Drug Trafficking Area (HIDTA) Interdiction Taskforce (HIT), made up of members of the Portland Police Bureau's (PPB) Narcotics and Organized Crime Division (NOC) and Homeland Security Investigations (HSI), responded respond to Randall's Children's Hospital regarding a 15-year-old that had apparently overdosed on fentanyl.  Portland Police Detective Michael Jones learned that on September 19, 2023, the 15-year old victim, hereinafter Juvenile Victim, had ingested a blue M30 pill manufactured with fentanyl and was brought to the ER in a coma and was not expected to survive.  The Juvenile Victim passed away on September 24, 2023.  Through the course of this investigation defendant was identified as the source of the counterfeit blue M30 pill that the Juvenile Victim consumed.  The investigation has revealed that the defendant sold counterfeit M30 pills to other juveniles as well.  The facts supporting the criminal complaint are outlined in the Affidavit authored by HSI Special Agent Clay Othic.

Yesterday, law enforcement investigators arrested the defendant and executed a search warrant on his residence in Portland, Oregon.  Inside the residence investigators found three (3) counterfeit M30 pills, a scale, and three firearms.  The defendant was advised of his

constitutional *Miranda* rights and interviewed. When asked about selling the pills to the Juvenile Victim he at first said he was often high and doesn't remember a lot of things and eventually told the investigators that "I'm sorry – it's all my fuckin' fault." The defendant also admitted to going to the homeless camps around Delta Park and purchasing small amounts of counterfeit M30 pills that he would both use and sell. On the defendant's phone investigators observed messages indicating that he was selling drugs and pictures of him possessing drugs. During the interview the defendant also admitted that he knew the dangers of fentanyl and that he regularly used Oxycontin, fentanyl (counterfeit M30 pills), marijuana, and benzodiazepines. Some of the pictures found on the defendant's phone, including some that show him possessing blue M30 pills, and a picture of the seized firearms are depicted below:



///

///

///

**Government's Motion for Pretrial Detention**                                                                                                       **Page 3**





///

///

**Government's Motion for Pretrial Detention** **Page 4**



The government seeks the defendant's detention as a danger to the community and a risk of nonappearance.

**B.    Applicable Law.**

    **1.    Rules of Evidence Do Not Apply at Detention Hearing**

The Federal Rules of Evidence do not apply in pretrial detention proceedings. Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f). Accordingly, both the government and the defense may present evidence by proffer or hearsay. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986); *see also United States v. Bibbs*, 488 F.Supp.2d 925, 925-26 (N.D.Cal. 2007).

    **2.    Rebuttable Presumption of Detention**

Under the Bail Reform Act, 18 U.S.C. § 3142, *et seq.*, which governs the detention of a defendant pending trial, the Court shall order a defendant detained if, after a hearing, it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Generally, the United States bears the burden of establishing danger to the community by clear and convincing evidence; risk

of flight need only be proved by a preponderance of the evidence. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990); *Winsor*, 785 F.2d at 757.

Where there is probable cause to believe that the defendant committed a Title 21 narcotics offense and the maximum penalty for that offense is a term of imprisonment of 10 years or more, or a violation of Title 18, United States Code, Section 924(c), the law creates a presumption that no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(A) and (B). In such a case, the burden of proof shifts to the defendant to rebut the presumption of detention. *United States v. Carbone*, 793 F.2d 559, 560 (3rd Cir. 1986). All three of the defendant's criminal charges in this case independently create a presumption of pretrial detention.

Concern about the safety of the community is not limited to concerns about violence; rather it is the *risk* that a defendant will continue committing crimes while on release, such as drug dealing, that warrants their continued detention as a danger to the community:

> [T]he language referring to the safety of the community refers to the danger that the defendant **might** engage in criminal activity to the detriment of the community. The committee intends that the concerns about safety be given a broader construction than merely danger of harm involving physical violence. This principal was recently endorsed in *United States v. Provenzano and Andretta*, in which it was held that the concept of 'danger' . . . extended to nonphysical harms such as corrupting a union. **The committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community."**

S.REP. NO. 98-225, 98th Cong., 1st Sess. (1983), *reprinted in* 1984 U.S.C.C.A.N 3182, 3195 (Bail Reform Act)(emphasis added); *see also United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir.1989)(Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society.").

///

**Government's Motion for Pretrial Detention**                                                                 **Page 6**

The Senate Report further explained *why* they created the presumption that there was no condition or combination of conditions of release that will reasonably assure the appearance of drug dealers or the safety of the community:

> These [the crimes outlined in 18 U.S.C. § 3142(e)] are serious and dangerous federal offenses. The drug offenses involve either trafficking in opiates or narcotic drugs, or trafficking in large amounts of other types of controlled substances. It is well known that drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity. Persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, **because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism**.

S.REP. NO. 98-225, 98th Cong., 1st Sess. (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3203 (Bail Reform Act) (emphasis added).

The presumption in favor of detention, as both a flight risk and danger to the community, does not vanish if a defendant comes forward with some evidence to rebut it, but rather it remains an evidentiary factor to be evaluated. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir.1985); *see also United States v. Rueben*, 974 F.2d 580, 586 (5th Cir.1992); *United States v. Rodriguez*, 950 F.2d 85, 88 (2nd Cir.1991); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir.1989). Were the presumption to vanish, "courts would be giving too little deference to Congress' findings regarding this class." *United States v. Martir*, 782 F.2d 1141, 1144 (2nd Cir.1986).

The degree of danger posed by a defendant charged with narcotics trafficking is critical. *United States v. Leon*, 766 F.2d 77, 81 (2nd Cir. 1985). To determine that degree and decide if a defendant should be detained pending trial, a judicial officer must look to the nature and circumstances of the crime charged; whether the crime involved violence or drugs; the personal history of the person, the seriousness of the danger posed by the person's release; and, the evidence of the individual's guilt. *Id.* Evidence of defendant's family ties in the area, residence

**Government's Motion for Pretrial Detention**                                                          **Page 7**

in the community and employment history should have no bearing on the court's determination of dangerousness and cannot rebut the presumption that arises under the statute. *See* S. Rep. No. 225, 98th Cong., 1st Sess. 24 (1983) (minimizing community ties and pointing to the "growing evidence that the presence of this factor does not necessarily reflect a likelihood of appearance, and has no correlation with the question of the safety of the community.").

If the defendant proffers evidence to initially rebut the presumption of dangerousness or risk of non-appearance, the Court should then examine the following four factors in deciding whether release is appropriate:

(1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . . ;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal . . . ; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

## C. Factors Supporting Detention.

The defendant should be detained pending trial as both a danger to the community and a risk of nonappearance. Fentanyl dealers are wreaking havoc upon the community and the defendant is directly responsible for selling a pill that resulted in the death of a 15-year old girl.

**Government's Motion for Pretrial Detention**            **Page 8**

There is evidence he was selling to other juveniles as well. The defendant's criminal conduct, possession of firearms, and active drug abuse clearly shows that he is a danger to the public and a risk of nonappearance.

### 1. Nature and Circumstances of the Offense.

The defendant sold a counterfeit M30 pill manufactured with fentanyl that caused the death of a 15-year old girl. Tragically, almost every week we read and hear about people who are overdosing and dying from fentanyl – kids and adults – who are buying and using counterfeit M30 pills that are manufactured with fentanyl and then dying. The devastation that is resulting from the distribution and use of these counterfeit pills is truly astonishing – and the defendant was an active part of that machinery of death. The nature and circumstances of the offense warrant his pretrial detention. This defendant is already responsible for one death, he should not be given an opportunity to kill anyone else. At this point, he should be detained.

### 2. Weight of the Evidence.

The weight of the evidence against the defendants is extremely strong and supports his continued detention. The defendant sold counterfeit M30 pills to children. The children are willing to testify and the event was captured on a security video. His statements, items seized from his residence, and the messages on his phone also demonstrate the defendant was selling drugs. He should be detained.

### 3. History and Characteristics of the Defendant.

The history and characteristics of the defendant also warrants his pretrial detention. The defendant was dealing fentanyl to juveniles and he is also an active and untreated drug addict abusing Oxycontin, fentanyl (counterfeit M30 pills), marijuana, and benzodiazepines. He is both dangerous and a substantial risk of nonappearance and he should be detained.

**4.        Nature and Seriousness of the Danger to the Community.**

The defendant's drug dealing activities, by themselves, are extremely serious. The defendant sold a pill made with fentanyl that killed a child. Given the presumption of detention that comes along with the charges, Congress has recognized the very serious risk that drug dealers like the defendant pose to the community and their risk of going back to drug dealing even while on pretrial release. Drug dealers selling fentanyl, which is killing huge numbers of our fellow citizens, pose an unacceptable risk to the community and should be detained. At this point, there is simply no condition or combination of conditions that the Court will impose that will mitigate the risk that the defendant's distribution of fentanyl poses to the community.

## Conclusion

For the reasons set forth herein, we respectfully request that the Court continue to detain the defendant pending trial and find he poses an unacceptable risk of non-appearance at future court hearings and that he is a danger to the community.

We ask the Court to find that:

- The charged offenses create a rebuttable presumption in 18 U.S.C. § 3142(e) that no combination of conditions will (1) reasonable assure the safety of the community and (2) reasonably assure the appearance of the defendant as required.

- The defendant has not rebutted, by sufficient evidence to the contrary, the presumption of detention provided in 18 U.S.C. 3142(e).

- Furthermore, due to the nature of the offenses and the extreme dangers posed by the defendant's illegal trafficking of fentanyl and possession of a firearm, there is no condition or combination of conditions that will reasonably assure the safety of other persons and the community if the defendant were released.

- Due to the weight of the evidence and the defendant's personal history and characteristics, including the potential penalties he is facing on the current charges and his failure to abide by prior conditions of supervision, no condition or combination of conditions will reasonably assure the appearance of the defendant at future court hearings as required if released from custody.

Based upon the above findings, the defendant should be detained pending trial.

Dated:  December 1, 2023.                              Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN, OSB #965128
Assistant United States Attorney